**In re: Ossie R. TRADER, Petitioner.**

No. 10–3718.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R.App. P.
Oct. 29, 2010.

Opinion filed: Feb. 15, 2011.

Ossie R. Trader, Atlanta, GA, pro se.

Karen L. Grigsby, Esq., Office of United States Attorney, Philadelphia, PA, for Respondent.

Before: McKEE, Chief Judge, and ALDISERT and WEIS, Circuit Judges.

## OPINION

PER CURIAM.

Ossie Trader is a federal prisoner serving a 248–month sentence for armed bank robbery and related crimes. This is at the least the seventh time, and the second in less than two months, that Trader has sought to challenge his conviction by way of mandamus in order to circumvent AEDPA's gate-keeping requirements for successive § 2255 motions. For the reasons just given in *In re Trader*, 397 Fed.Appx. 785 (3d Cir.2010), we will deny Trader's latest mandamus petition.[1] We caution that another attempt to raise the challenge rejected here will prompt us to initiate proceedings to enjoin such repetitive filings.

1. We note for Trader's benefit that *United States v. Carrasquillo*, 667 F.2d 382 (3d Cir. 1981), is not germane to the argument he makes in support of mandamus relief. In *Carrasquillo*, we clarified what events in a criminal case would trigger the running of the 70–day Speedy Trial Act period. 667 F.2d at 384 ("When there is no [pre-indictment] appearance because an information or indictment is the first step in a criminal case, then post-indictment arraignment will be the relevant last occurring' date" for purposes of assessing whether there has been a violation of the Speedy Trial Act.).